**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EARL OWENS, | ) |
| | ) Cause No. 1:20-CV-1900 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSOLIDATED CITY OF INDIANAPOLIS | ) |
| AND MARION COUNTY, | ) |
| OFFICER MATTHEW MCFADDEN, and | ) |
| HAROLD BLAKE, | ) |
| | ) |
| Defendants. | ) |

<u>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS</u>

**COMES NOW**, Plaintiff Earl Owens, by counsel, Andrea L. Ciobanu of CIOBANU LAW,

P.C., complaining of Defendants Consolidated City of Indianapolis and Marion County, Officer

Matthew McFadden, and Harold Blake and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and by 42

   U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the

   location of the Defendants are in Marion County, Indiana and Morgan County, Indiana within

   the Southern District of Indiana.

**THE PARTIES**

3. Earl Owens ("Owens" or "Plaintiff") is an individual and currently resides in Marion County,

   Indiana.

4. Defendant Consolidated City of Indianapolis and Marion County is a municipal government

   entity located in Marion County, Indiana, which maintains and operates the Indianapolis

1

Metropolitan Police Department, including the Auto Theft Task Force within the Indianapolis Metropolitan Police Department.

5. The Consolidated City of Indianapolis and Marion County and Indianapolis Metropolitan Police Department may hereinafter collectively be referred to as "IMPD".

6. At all relevant times, Defendant Officer Matthew McFadden was an employee of IMPD and was acting within the scope of this employment with IMPD as a police officer with the Auto Theft Task Force.

7. At all relevant times, Defendant Harold Blake was deputy prosecutor of the Morgan County Prosecutor's Office.

8. All Defendants may collectively be referred to as "Defendants."

## FACTUAL ALLEGATIONS

9. In May 2018, Detective Larry Sanders of the Morgan County Sheriff's Office investigated the alleged theft of golf carts from a golf course in Morgan County.

10. Criminal charges were eventually issued against Owens in Morgan County on July 20, 2018.

11. Former Morgan County Deputy Prosecutor Harold Blake (hereinafter "Blake") worked as the prosecutor in the criminal case against Owens.

12. There existed jurisdictional issues in the criminal case against Owens.

13. Despite there being jurisdictional issues and no evidence to prosecute Owens, Blake refused to dismiss the case and continued to pursue the groundless criminal charges against Blake.

14. Upon information and belief, Blake acted outside the scope of his employment as a prosecutor and was actively involved in a police investigative role leading up to the charges being issued against Owens.

15. During this time, Owens was in the process of adopting his niece.

2

16. Blake knowingly and intentionally interfered with Owens' adoption proceedings.

17. As a result of the false charges, Owens' niece was removed from his home for two weeks.

18. The removal of Owens' niece resulted in a significant delay in the adoption process.

19. Upon information and belief, Blake knew that Owens was in the process of adopting his niece and tried to extort money from the Owens, via restitution towards the groundless criminal charges, in connection to the adoption proceedings.

20. Blake asked Owens' attorney, Glen Koch, how much the adoption was worth to Owens to get the case dismissed.

21. Upon information and belief, Blake wanted Owens to pay restitution to get the case dismissed even though he knew that the criminal charges against Owens were groundless.

22. Blake acted outside the scope of his employment as a prosecutor when he interfered with Owens' adoption proceedings.

23. Officer Matthew McFadden (hereinafter "McFadden") of the Auto Theft Task Force of the Indianapolis Metropolitan Police Department represented to Owens that there was a warrant to search Owens' rental properties.

24. Upon information and belief, IMPD's search warrant for Owens' properties was not valid and/or was not signed by a judge.

25. McFadden knowingly and intentionally used the invalid search warrant to search Owens' properties after hours, resulting in harassment of Owens' employees and tenants.

26. The case was transferred to Boone County in July 2019, which resulted in Owens being arrested again and having to post another bond.

27. After being transferred to Boone County on July 15, 2019, the criminal case against Owens was dismissed within 24 hours that same day.

28. Owens suffered damages, including, but not limited to, emotional distress, as a result of Defendants' acts and/or omissions.

29. On January 9, 2020, Owens timely served his Tort Claim Notice on Defendants.

## COUNT 1: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (IMPD and Blake)

30. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

31. Defendants conspired to perpetuate a criminal action against Owens through false allegations and false testimony due to their own personal animus and bias against Plaintiff.

32. Defendants acted with malice and intent in creating and perpetuating a false criminal proceeding against Owens, including false testimony and the creation and service of an invalid search warrant.

33. Upon information and belief, Blake knew that Owens was in the process of adopting his niece and tried to extort money from the Owens, via restitution towards the groundless criminal charges, in connection to the adoption proceedings.

34. Blake knowingly and intentionally interfered with Owens' adoption proceedings.

35. Blake acted outside the scope of his employment as a prosecutor when he interfered with Owens' adoption proceedings.

36. Prosecutor's typically enjoy absolute immunity; however, this immunity does not extend to acts taken outside the scope of a prosecutorial role, such as administrative and investigatory

activities. See e.g. *Buckley v. Fitzsimmons*, 509 U.S. 259, 274-76, 113 S. Ct. 2606, 125 L. Ed.

2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 492-95, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).

37. McFadden knowingly and intentionally used an invalid search warrant to search Owens'

properties after hours, resulting in harassment of Owens' employees and tenants.

38. Defendants' actions constituted extreme and outrageous conduct that constitutes intentional

or reckless severe emotional harm to Plaintiff.

### COUNT 2: MALICIOUS PROSECUTION
(IMPD and Blake)

39. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set

forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual

allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is

entitled to relief. Fed. R. Civ. P. 8(a)(2).

40. McFadden and Blake knowingly and intentionally caused a groundless criminal action to be

instituted against Owens.

41. At all relevant times, McFadden was acting within the scope of his employment with IMPD

as a police officer.

42. Upon information and belief, Blake acted outside the scope of his employment as a prosecutor

and was actively involved in a police investigative role leading up to the charges being issued

against Owens.

43. Defendants instituted, spurred on, and/or refused to drop the criminal matter against Owens

due to their personal animus against Owens.

44. There was no probable cause to institute and pursue the criminal charges against Plaintiff.

45. Despite there being jurisdictional issues and no evidence to prosecute Owens, Blake refused

to dismiss the case and continued to pursue the groundless criminal charges against Blake.

46. McFadden knowingly and intentionally executed an invalid search warrant in pursuit of the groundless criminal charges against Owens.

47. Blake attempted to extort money from Owens in connection to the groundless criminal charges and Owens' adoption of Owen's niece.

48. Prosecutor's typically enjoy absolute immunity; however, this immunity does not extend to acts taken outside the scope of a prosecutorial role, such as administrative and investigatory activities. See e.g. *Buckley v. Fitzsimmons*, 509 U.S. 259, 274-76, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 492-95, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).

49. The criminal proceedings against Owens were dismissed.

50. Upon information and belief, Defendants conspired to deprive Owens of his due process, equal protection, and Constitutional rights by working together to threaten Owens and perpetuate false testimony and false criminal allegations against Owens.

## COUNT 3: FOURTEENTH AMENDMENT | VIOLATION OF DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE

(IMPD is its official capacity and McFadden and Blake in their individual capacities)

51. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

52. Defendants' actions and omissions gave rise to violations of Owens' Constitutional Due Process Clause and Equal Protection Clause rights as a United States citizen.

53. Owens was subjected to disparate and discriminatory treatment when McFadden and Blake knowingly and intentionally instituted and/or pursued criminal charges against Owens which they knew to be false.

6

54. Despite there being jurisdictional issues and no evidence to prosecute Owens, Blake refused to dismiss the case and continued to pursue the groundless criminal charges against Blake.

55. Blake attempted to extort money from Owens in connection to the groundless criminal charges and Owens' adoption of Owens' niece.

56. Prosecutor's typically enjoy absolute immunity; however, this immunity does not extend to acts taken outside the scope of a prosecutorial role, such as administrative and investigatory activities. See e.g. *Buckley v. Fitzsimmons*, 509 U.S. 259, 274-76, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 492-95, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).

57. McFadden led the IMPD's Auto Theft Task Force in illegally searching Owens' business' property after hours, resulting in harassment of employees and tenants.

58. McFadden knowingly and intentionally used an invalid search warrant to illegally search Owens' business property.

59. Owens' Due Process Clause rights were violated when he was unfairly prosecuted for a crime, despite the fact that several of the actors intentionally falsified testimony and evidence in pursuit of the conviction against him.

60. Owens' Due Process Clause rights were violated by Defendants throughout his criminal proceedings as a result of personal animus and bias that the Defendants harbored against him.

61. Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourteenth Amendment rights of innocent persons.

**PRAYER FOR RELIEF**

Owens prays that a judgement be entered on his behalf and against the Defendants on all Counts of this Complaint.

## RESERVATION OF RIGHTS

Owens reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Owens respectfully requests this Court to enter judgment in favor of him on all counts of his Complaint, award him compensatory damages and punitive damages as well as litigation costs, and grant him such other and further relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post-judgment interest.

## DEMAND FOR JURY TRIAL

Owens hereby demands a trial by jury of all issues so triable.

Date: July 17, 2020

Respectfully submitted,

s/ Andrea L. Ciobanu_____
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com

8