UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EARL OWENS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 1:20-cv-01900-JMS-TAB |
| | ) | |
| CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, MATTHEW MCFADDEN, and HAROLD BLAKE | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

In May of 2018, Indianapolis Metropolitan Police Department ("IMPD") officers searched Plaintiff Earl Owens's property. The search, Mr. Owens's subsequent arrest, and the filing of criminal charges against Mr. Owens form the basis of this lawsuit. Specifically, Mr. Owens has sued IMPD Officer Matthew McFadden, Morgan County Deputy Prosecutor Harold Blake,[1] and the Consolidated City of Indianapolis and Marion County ("the City") for violation of his Fourteenth Amendment rights, intentional infliction of emotional distress, and malicious prosecution. [Filing No. 32.] Presently before the Court is a Motion to Dismiss filed by Deputy Prosecutor Blake, [Filing No. 37], which is now ripe for the Court's decision.

---

[1] Deputy Prosecutor Blake indicates in filings that he is no longer a Deputy Prosecutor, [*see, e.g.*, Filing No. 38 at 1-2], but the Court refers to him as Deputy Prosecutor Blake since he held that position during the time period relevant to this matter.

# I.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When a plaintiff "pleads himself out of court by making allegations sufficient to defeat the suit," dismissal under Rule 12 is appropriate. *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007).

## II.
### BACKGROUND

The following factual allegations are taken from the Amended Complaint, [Filing No. 32], the operative complaint in this matter. They are accepted as true solely for the purpose of this Order.

Officer McFadden, who is a member of IMPD's Auto Theft Task Force, had held a personal vendetta against Mr. Owens for several years. [Filing No. 32 at 2.] When Mr. Owens would participate in auctions prior to 2018, Officer McFadden would sometimes be in attendance and would harass Mr. Owens and yell that Mr. Owens "ran a chop shop," "was a thief," and was a "scum bag," loud enough for others to hear and so as to disrupt the auctions and other business. [Filing No. 32 at 2.]

In May of 2018, police initiated an investigation for the alleged theft of golf carts from a golf course in Morgan County, Indiana. [Filing No. 32 at 2.] On May 21, 2018, Officer McFadden conducted a search of Mr. Owens's property at 535 LaClede Street without a search warrant. [Filing No. 32 at 2-4.] Officer McFadden and the IMPD produced a search warrant at a later time, but it was signed after the search had been completed, did not contain Mr. Owens's name, and stated that no one was present during the search when, in fact, Mr. Owens was present. [Filing No. 32 at 3-4.]

Thereafter, Officer McFadden conducted a search of Mr. Owens's property at 607 Whitcomb Street—this time presenting a false warrant upon entry. [Filing No. 32 at 3.] The warrant indicated that Mr. Owens was not present for the search, but he was. [Filing No. 32 at 4.] Mr. Owens requested that Officer McFadden and the other officers leave the property, but they refused his request and continued their search. [Filing No. 32 at 3.] During the search of Mr.

Owens's property, Officer McFadden and/or other IMPD officers intentionally broke a door off of Mr. Owens's truck and caused other damage to his property. [Filing No. 32 at 4.]

On July 20, 2018, criminal charges were filed against Mr. Owens based on false information and misrepresentations made by Officer McFadden. [Filing No. 32 at 4.] Despite the existence of jurisdictional issues and no evidence to prosecute Mr. Owens, Deputy Prosecutor Blake continued to pursue the charges. [Filing No. 32 at 5.] Moreover, a scan of the vehicle identification numbers on the golf carts in question confirmed that they were not stolen, yet Deputy Prosecutor Blake continued the prosecution. [Filing No. 32 at 5.]

During this time, Mr. Owens was in the process of adopting his niece. [Filing No. 32 at 5.] As a result of the charges against Mr. Owens, however, his niece was removed from his home for two weeks, which significantly delayed the adoption proceedings. [Filing No. 32 at 5.] Wanting Mr. Owens to pay restitution for the alleged thefts, Deputy Prosecutor Blake intentionally interfered with Mr. Owens's adoption proceedings and tried to extort money from him by asking Mr. Owens's defense counsel, Glen Koch, "how much the adoption was worth to [Mr.] Owens to get the case dismissed." [Filing No. 32 at 6.]

In the past, Deputy Prosecutor Blake had tried unsuccessfully to pursue criminal charges against Mr. Owens in Boone County, Indiana twice. [Filing No. 32 at 6.] Eventually, the case against Mr. Owens stemming from the searches was transferred to Boone County in July of 2019. [Filing No. 32 at 6.] Mr. Owens was arrested and posted bond, but the charges were dismissed within 24 hours. [Filing No. 32 at 6.] Nevertheless, Mr. Owens incurred attorneys' fees and Department of Child Services ("DCS") fees, and paid bond money. [Filing No. 32 at 6.] He also lost his salvage license and salvage contracts and was forced to close his salvage yard as a result of his arrest and the criminal charges. [Filing No. 32 at 6.]

4

Mr. Owens initiated this litigation on July 17, 2020, [Filing No. 1], and filed the operative Amended Complaint on November 19, 2020, [Filing No. 32]. Mr. Owens asserts claims for: (1) violation of his Fourteenth Amendment rights under the Due Process Clause and Equal Protection Clause of the United States Constitution, pursuant to 42 U.S.C. § 1983 against the City, Officer McFadden, and Deputy Prosecutor Blake; (2) intentional infliction of emotional distress against the City and Deputy Prosecutor Blake; and (3) malicious prosecution against the City, Officer McFadden, and Deputy Prosecutor Blake. Deputy Prosecutor Blake has filed a Motion to Dismiss, [Filing No. 37], seeking dismissal of all of the claims against him.

### III.
#### DISCUSSION

Deputy Prosecutor Blake argues in his Motion to Dismiss that he is entitled to absolute immunity in connection with all of the claims he faces. The Court first addresses Mr. Owens's § 1983 claim.

**A. Section 1983 Claim**

Mr. Owens's § 1983 claim against former Deputy Prosecutor Blake is based upon three main allegations: (1) that Deputy Prosecutor Blake pursued baseless charges against Mr. Owens; (2) that Deputy Prosecutor Blake knowingly and intentionally interfered in Mr. Owens's niece's adoption proceedings; and (3) that Deputy Prosecutor Blake acted in an investigative role in Mr. Owens's case. The Court addresses each allegation in turn.

> *1. Mr. Owens's Allegation That Deputy Prosecutor Blake Pursued Baseless Charges Against Mr. Owens*

In support of his Motion to Dismiss, Deputy Prosecutor Blake argues that his alleged motive in prosecuting Mr. Owens is irrelevant. [Filing No. 38 at 7.] He asserts that he is entitled to absolute immunity even if he acted maliciously. [Filing No. 38 at 4-5.] Therefore, Deputy

5

Prosecutor Blake argues that he is entitled to absolute immunity related to pursuing baseless charges against Mr. Owens. [Filing No. 38 at 5.]

Mr. Owens responds that prosecutors do not enjoy absolute immunity before they have probable cause. [Filing No. 47 at 9.] As such, Mr. Owens suggests that absolute immunity had not yet attached to Deputy Prosecutor Blake because he lacked probable cause in this case. [Filing No. 47 at 9-10.] Mr. Owens also argues that the issue of probable cause constitutes a factual dispute that precludes a ruling on absolute immunity at this stage in the litigation. [Filing No. 47 at 9.]

In reply, Deputy Prosecutor Blake claims that a prosecutor's lack of probable cause is only relevant "in determining whether particular investigative activities undertaken by a prosecutor are protected by absolute immunity." [Filing No. 48 at 4.] When no such investigative activities are alleged at all—which Deputy Prosecutor Blake claims is the case here—a prosecutor's alleged lack of probable cause is not relevant to absolute immunity. [Filing No. 48 at 4.]

"[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d. 740, 742 (7th Cir. 2003); *see also Jones v. Cummings*, 2020 WL 2732347, at *3 (S.D. Ind. 2020) ("[T]he act of preparing and filing [charges]…falls squarely within the prosecutor's role as an advocate…."). Mr. Owens alleges that "[d]espite there being jurisdictional issues and no evidence to prosecute [Mr.] Owens, [Deputy Prosecutor] Blake refused to dismiss the case and continued to pursue the groundless criminal charges against [Mr.] Owens." [Filing No. 32 at 5.] He also alleges that Deputy Prosecutor Blake "unsuccessfully attempted to pursue criminal charges against [Mr.] Owens in Boone County twice." [Filing No. 32 at 6.] These allegations relate to the evaluation of evidence, and the preparing and filing of charges – actions for which Deputy

6

Prosecutor Blake is entitled to absolute immunity. See *Diestelhorst v. Ryan*, 20 Fed. App'x 544, 546 (7th Cir. 2001) ("[A]bsolute immunity shields a prosecutor 'even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence'") (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)). Accordingly, the Court **GRANTS** Deputy Prosecutor Blake's Motion to Dismiss as it relates to Mr. Owens's § 1983 claim based on allegations that Deputy Prosecutor Blake pursued baseless charges against him.

## 2. *Mr. Owens's Allegation That Deputy Prosecutor Blake Intentionally Interfered With Mr. Owens's Niece's Adoption Proceedings*

In support of his Motion to Dismiss, Deputy Prosecutor Blake argues that his inquiry about Mr. Owens's adoption of his niece—regardless of any alleged intent—was made during a plea discussion, which is a core prosecutorial function. [Filing No. 38 at 7.] According to Deputy Prosecutor Blake, it is well-settled that discussions between a prosecutor and defense counsel are protected by absolute immunity. [Filing No. 38 at. 7.] He further asserts that Mr. Owens's only allegation is that Deputy Prosecutor Blake negotiated with an improper motive, but prosecutors are shielded by absolute immunity regardless of their motive. [Filing No. 38 at 6.] Therefore, Deputy Prosecutor Blake argues that he is entitled to absolute immunity related to intentionally interfering with Mr. Owens's niece's adoption proceedings. [Filing No. 38 at 7.]

Mr. Owens responds that Deputy Prosecutor Blake acted outside the scope of his prosecutorial role by asking about Mr. Owens's niece's adoption proceedings, and therefore is not protected by absolute immunity. [Filing No. 47 at 5.] To support this argument, Mr. Owens asserts that prosecutors do not have the authority under Indiana law to interfere with adoption proceedings—aside from a few limited exceptions that are irrelevant in this case. [Filing No. 47 at 6.] Therefore, Mr. Owens argues, Deputy Prosecutor Blake did not have standing to interfere

7

with Mr. Owens's niece's adoption. [Filing No. 47 at 7.] And because interfering in adoption proceedings is not a prosecutorial function, Mr. Owens claims that Deputy Prosecutor Blake was acting outside the scope of his employment and is not shielded by absolute immunity in this case. [Filing No. 47 at 7-8.]

In reply, Deputy Prosecutor Blake claims that all of his alleged misconduct occurred during plea negotiations. [Filing No. 48 at 2.] Mr. Owens, according to Deputy Prosecutor Blake, fails to allege any actions that demonstrate Deputy Prosecutor Blake's alleged interference with the adoption proceedings, other than conclusory and non-specific assertions that he interfered. [Filing No. 48 at 2.] Because Mr. Owens has failed to allege that Deputy Prosecutor Blake did anything outside the scope of plea negotiations, Deputy Prosecutor Blake argues there is no basis for Mr. Owens's claims that he was acting outside the scope of his employment by interfering in the adoption proceedings. [Filing No. 48 at 3.]

"Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009)). This protected conduct encompasses the plea negotiating process, which is considered a "core prosecutorial function protected by absolute immunity." *Swaggarty v. Trevarthen*, 715 Fed. App'x 556, 558 (7th Cir. 2018) (citing *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995)). And "[i]t is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity." *Mills v. Nungester*, 2020 WL 2526022, at *4 (S.D. Ind. 2020).

Mr. Owens alleges that Deputy Prosecutor Blake "knew that [Mr.] Owens was in the process of adopting his niece and tried to extort money from [Mr.] Owens, via restitution for items

8

which [Mr.] Owens did not steal, in connection to the adoption proceedings." [Filing No. 32 at 6.] Based upon the Amended Complaint, the Court cannot conclude as a matter of law, that Deputy Prosecutor Blake was not extorting money from Mr. Owens, which would not be within the scope of any ostensible plea negotiations. It is not clear whether Deputy Prosecutor Blake was suggesting that Mr. Owens pay money to have the charges dismissed, that he was suggesting that Mr. Owens plead guilty to the charges, that he was suggesting that Mr. Owens agree to a fine, or that he was suggesting an improper personal payment of money. From the face of Mr. Owens's Amended Complaint – which is all that the Court may consider at this stage of the litigation – the Court cannot assume that the alleged threats were made in the course of plea negotiations. Accordingly, Deputy Prosecutor Blake's Motion to Dismiss Mr. Owens's § 1983 claim based on allegations that Deputy Prosecutor Blake intentionally interfered with Mr. Owens's niece's adoption proceedings by attempting to extort money from him is **DENIED**.[2]

### 3. *Mr. Owens's Allegations That Deputy Prosecutor Blake Acted In An Investigatory Role In Mr. Owens's Case*

In support of his Motion to Dismiss, Deputy Prosecutor Blake argues that Mr. Owens does not allege any facts that support his assertion that Deputy Prosecutor Blake acted as a police investigator. [Filing No. 38 at 2.] Instead, Deputy Prosecutor Blake argues, Mr. Owens makes this allegation solely on "information and belief." [Filing No. 38 at 2.] Therefore, Deputy Prosecutor Blake claims that he is entitled to absolute immunity related to acting in an investigatory role in Mr. Owens's case. [Filing No. 38 at 2.]

---

[2] To the extent that Mr. Owens bases his § 1983 claim on allegations that the adoption proceedings were delayed because his niece was removed from his home due to the criminal charges brought by Deputy Prosecutor Blake, such a claim would be barred because Deputy Prosecutor Blake is entitled to absolute immunity in connection with the decision to bring charges and ultimately doing so.

9

Mr. Owens responds that Deputy Prosecutor Blake took an active, investigatory role in Mr. Owens's case. [Filing No. 47 at 9.] Mr. Owens also argues that Deputy Prosecutor Blake's alleged involvement is a factual dispute that must be resolved before the Court can decide the issue of absolute immunity. [Filing No. 47 at 10.]

In reply, Deputy Prosecutor Blake argues that Mr. Owens fails to allege that Deputy Prosecutor Blake engaged in investigatory acts, such as gathering evidence or talking to witnesses. [Filing No. 48 at 3-4.] Deputy Prosecutor Blake emphasizes that, instead, Mr. Owens makes this claim solely on information and belief, and with no additional factual allegations. [Filing No. 48 at 3.] Thus, Deputy Prosecutor Blake argues, Mr. Owens's claim amounts to nothing more than a "formulaic recitation of an element of an exception to absolute immunity," and as such, he is entitled to absolute immunity. [Filing No. 48 at 3.]

It is well-established that absolute immunity "encompasses quintessentially prosecutorial functions like an out-of-court effort to control the presentation of a witness's testimony and the acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial." *Bianchi*, 818 F.3d at 318 (quotations and citations omitted). Included in this absolute immunity is "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek indictment has been made." *Id.* (emphasis omitted). But "a prosecutor is not absolutely immune for acts that go beyond the strictly prosecutorial to include investigation. A prosecutor acting in an investigative capacity may claim only the same qualified immunity that protects police officers and other law-enforcement investigators." *Id.* (quotations and citations omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings

are not entitled to absolute immunity."). Moreover, a prosecutor "may not shield his investigative work with the aegis of absolute immunity merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as 'preparation' for a possible trial." *Id.* at 276; *see also Fields v. Wharrie*, 672 F.3d 505, 510-11 (7th Cir. 2012) ("There exists a difference between [a prosecutor's] role in evaluating evidence and interviewing witnesses as he prepares for trial…and [his] detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested. Actions and decisions made in accordance with the latter set of responsibilities entitle him only to the qualified immunity granted to the police and other members of the prosecution team who share those duties") (citations and quotations omitted).

Based on Mr. Owens's vague and unsupported allegations, the Court concludes that Deputy Prosecutor Blake is entitled to absolute immunity as a matter of law for Mr. Owens's § 1983 claim related to Deputy Prosecutor Blake acting in an investigative role. The Court must consider the well-pleaded allegations of Mr. Owens's Amended Complaint to be true, but it cannot accept mere conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Mr. Owens alleges that Deputy Prosecutor Blake was "actively involved in a police investigative role," but fails to support this assertion with any factual basis. [Filing No. 32 at 5.] Nor does Mr. Owens allege any facts to demonstrate how Deputy Prosecutor Blake acted outside the scope of his role as a prosecutor. Instead, Mr. Owens provides only generalized assertions that Deputy Prosecutor Blake was acting as an investigator. While factual allegations need not be detailed to survive a motion to dismiss, here, Mr. Owens fails to allege *any* facts to support his claim, and "mere labels and conclusions, [or] a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. These allegations do not sufficiently

characterize Deputy Prosecutor Blake's actions as investigative rather than prosecutorial and, therefore, Deputy Prosecutor Blake is entitled to absolute immunity as to Mr. Owens's § 1983 claim related to Deputy Prosecutor Blake's alleged investigatory role. The Court **GRANTS** Deputy Prosecutor Blake's Motion to Dismiss as to that claim.

### B. State Law Claims

Mr. Owens's claims against Deputy Prosecutor Blake for intentional infliction of emotional distress and malicious prosecution are based on the same three allegations Mr. Owens makes in connection with his § 1983 claim: (1) that Deputy Prosecutor Blake pursued baseless charges against Mr. Owens; (2) that Deputy Prosecutor Blake knowingly and intentionally interfered in Mr. Owens's adoption proceedings; and (3) that Deputy Prosecutor Blake acted in an investigative role in Mr. Owens's case.

In support of his Motion to Dismiss, Deputy Prosecutor Blake argues that he is protected by absolute immunity against Mr. Owens's state law claims. [Filing No. 38 at 8.] Deputy Prosecutor Blake asserts that Indiana law provides more protection for prosecutors than federal law because Indiana does not recognize the Supreme Court's distinction between prosecutorial and administrative functions for purposes of absolute immunity. [Filing No. 38 at 8.]

Mr. Owens responds that Deputy Prosecutor Blake is not entitled to absolute immunity on his state law claims for the same reasons discussed in connection with the § 1983 claim. [Filing No. 47 at 10.] Mr. Owens argues that Deputy Prosecutor Blake would normally be immune from such state law claims, but Deputy Prosecutor Blake has ignored the allegation that he interfered with Mr. Owens's niece's adoption. [Filing No. 47 at 11.] This allegation, according to Mr. Owens, is separate from his other allegations that Deputy Prosecutor Blake pursued baseless charges against him and conducted plea negotiations with an improper motive. [Filing No. 47 at 11.]

Because Indiana law does not authorize prosecutors to intervene in adoption proceedings, Mr. Owens claims that Deputy Prosecutor Blake was acting outside the scope of his prosecutorial role and is therefore not protected by absolute immunity against his state law claims. [Filing No. 47 at 11.]

In reply, Deputy Prosecutor Blake again argues that any alleged interference with the adoption proceedings occurred during a core prosecutorial function. [Filing No. 48 at 2.] Therefore, Deputy Prosecutor Blake claims that there is no basis for Mr. Owens's allegation that he was acting outside the scope of his prosecutorial authority and was thereby stripped of absolute immunity. [Filing No. 48 at 2-3.] Instead, Deputy Prosecutor Blake argues that Mr. Owens's allegation is a bare recitation of an exception to absolute immunity—which is insufficient to state a claim under both federal and Indiana law. [Filing No. 48 at 3-5.] Since absolute immunity under Indiana law is broader than under federal law—which Mr. Owens does not contest—and because Mr. Owens relies on the same allegations that he does in his federal claim, Deputy Prosecutor Blake argues that the state law claims also fail. [Filing No. 48 at 5-6.]

The Indiana Tort Claims Act provides prosecutors with absolute immunity for acts within the scope of their employment. Ind. Code § 34-13-3-3(7) ("A governmental entity of an employee acting within the scope of the employee's employment is not liable if a loss results from…[t]he performance of a discretionary function…."); *see also Mills*, 2020 WL 2526022, at *5. Absolute immunity is also available to prosecutors under Indiana common law. *See American Dry Cleaning & Laundry v. State*, 725 N.E.2d 96, 98-99 (Ind. Ct. App. 2000) (citing *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979)). "Indiana law is more generous to the prosecutor, because it has rejected the Supreme Court's distinction between prosecutorial and administrative or investigative functions for purposes of immunity, as long as the prosecutor was acting within the scope of his or her

13

authority." *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) (dismissing § 1983 claims against prosecutor and stating "[t]he same result obtains under Indiana law for [plaintiff's] claims based on state law theories"); *see also Everling v. Ragains*, 2015 WL 1319707, at *5 (S.D. Ind. 2015) ("Prosecutorial immunity under Indiana law is even broader than under federal law. When Indiana prosecutors act reasonably within the scope of authority granted to them, they receive absolute immunity") (quotation and citation omitted).

Mr. Owens's state law claims against Deputy Prosecutor Blake for intentional infliction of emotional distress and malicious prosecution are based on the same allegations as his § 1983 claim. Mr. Owens does not make any additional allegations against Deputy Prosecutor Blake; rather, he alleges that Deputy Prosecutor Blake is not immune to his state law claims "for the same reasons that he is not immune to [his] federal claims." [Filing No. 47 at 10.] The Court has already determined that Mr. Owens's § 1983 claims based on allegations that Deputy Prosecutor Blake pursued baseless charges against him and that Deputy Prosecutor Blake acted in an investigatory role in Mr. Owens's case do not survive, and his state law claims based on those allegations also fail because Indiana law provides prosecutors with even broader protection than federal law. The Court **GRANTS** Deputy Prosecutor Blake's Motion to Dismiss Mr. Owens' state law claims based on those allegations. As to Mr. Owens's allegations regarding Deputy Prosecutor Blake interfering in Mr. Owens's niece's adoption proceedings by attempting to extort money from Mr. Owens, the Court finds that Mr. Owens's allegations are sufficient to withstand dismissal because the allegations of the Amended Complaint state a plausible claim for extortion. The Court **DENIES** Mr. Owens's Motion to Dismiss the state law claims based on that allegation.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS IN PART** and **DENIES IN PART**

Deputy Prosecutor Blake's Motion to Dismiss, [37], as follows:

- The Motion to Dismiss is **GRANTED IN PART** as to Mr. Owens's § 1983 and state law claims based on allegations that Deputy Prosecutor Blake pursued baseless charges against Mr. Owens, and those claims are **DISMISSED WITH PREJUDICE**[3];

- The Motion to Dismiss is **GRANTED IN PART** as to Mr. Owens's § 1983 and state law claims based on allegations that Deputy Prosecutor Blake acted in an investigatory role in Mr. Owens's case, and those claims are **DISMISSED WITHOUT PREJUDICE**[4]; and

- The Motion to Dismiss is **DENIED IN PART** as to Mr. Owens's § 1983 and state law claims based on allegations that Deputy Prosecutor Blake interfered with Mr. Owens's niece's adoption proceedings and attempted to extort money from him. Those claims **SHALL PROCEED**.

Date: 4/1/2021

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[3] Because Mr. Owens cannot amend his Amended Complaint to cure the deficiencies with his claims based on allegations that Deputy Prosecutor Blake pursued baseless charges against him, dismissal with prejudice is appropriate. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (dismissal with prejudice is proper "if it is clear that any amendment would be futile").

[4] While the Amended Complaint is insufficient on the investigatory claim, the Court considers the nature of Deputy Prosecutor Blake's role in the prosecution at issue to be a permissible topic of discovery. Should discovery reveal facts to support renewed pursuit of the claim, Mr. Owens may file a motion for leave to amend the Amended Complaint.